**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION, | No. 12-17377 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-03396-GEB-JFM |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Judge Garland E. Burrell, Jr., District Judge, presiding

Argued and Submitted January 15, 2015
San Francisco, California

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and ADELMAN, District Judge.[**]

The plaintiff appeals from a judgment of the district court granting defendant's

motion for summary judgment on plaintiff's state law claims for breach of contract

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lynn S. Adelman, District Judge for the United States District Court for the Eastern District of Wisconsin, sitting by designation.

and unfair business practices. Plaintiff argues that assignments of uninsured motorist and medical payment insurance benefits are valid despite the insurer's failure to consent. Under California law, anti-assignment clauses prohibiting assignment without the insurer's consent are generally valid and enforceable. *Henkel Corp. v. Hartford Accident & Indem. Co.*, 29 Cal. 4th 934, 943 (2003). In the context of insurance policies, they are enforceable unless "when at the time of the assignment the benefit has been reduced to a claim for money due or to become due." *Id.* at 945. The district court concluded that under *Henkel*, the anti-assignment clause is valid because the benefits at issue had not been reduced to a sum due or to become due.

We agree with the district court. Not only did the assignment lack the insurer's consent, the benefits at issue had not been reduced to a sum due or to become due. *Id.* at 943–45. We note also that the assignments were partial (not all of the benefits were assigned), and their partial nature potentially increases the burden on the insurer beyond that which it originally contracted for. Thus, the district court properly dismissed plaintiff's claims.

AFFIRMED.

2